May I begin? Yes. Thank you, Your Honor. Good morning. May it please the Court. My name is Pansy Lin, and I'm here today on behalf of appellants and defendants in the underlying matter, Marcia Vreeken, Elaine Wilkins, and Helen Drozak by and through her estate. If I could reserve two minutes for rebuttal. Thank you. The facts underlying this case are many and sordid, and I won't go through them all here. Thank you. Thank you, Your Honor. But I will summarize that there was a divorce. The divorce was followed by a raging custody battle, which ultimately led us into juvenile dependency court, where in those proceedings, the custody of two daughters was ordered removed by the juvenile dependency court from their mother. These two daughters were Kendall and Preslie Hardwick. Preslie Hardwick is the plaintiff in the underlying action and the appellee here. Fundamentally, this appeal presents two issues, whether the individual defendants were entitled to qualified immunity for their actions and whether they were entitled to absolute immunity for their actions or for the actions that they are being sued for. Are you seriously pressing absolute immunity? It wasn't pressed at all in the state. Are you serious about that or are you going to waste time with it? I am serious. I certainly would not bring an argument to this court that I'm not serious about. I am serious about the argument because there are fundamentally acts for which our defendants are being sued, these social workers are being sued, that I believe come squarely within absolute immunity. I understand that qualified immunity is the issue here for substantively the removal pursuant to the court order of... Why don't you go to qualified immunity? Of course, Your Honor. We have your brace on absolute. Thank you, Your Honor. In terms of qualified immunity, as this court is aware, it's a two-prong analysis. The first being whether there is a constitutional rights violation that has been alleged. And the second prong being whether the constitutional right was clearly established such that our government actors know without doubt that what they are doing would be a violation of the law. The court is entitled to take these prongs in any order it perceives. And here, typically when we have the qualified immunity analysis and whether the law is clearly established, it is typically plaintiff's burden to come forward to this court and say, here is the case law. This is what tells the state actors, the government actors that they should have known better. It's clearly set forth in this case law. In our matter here, it's interesting because the reverse has actually happened. This court has actually found that as of the date of the underlying conduct here in 2000, when... Are you talking about Costanich? That is correct, Your Honor. Costanich deals with foster care licenses and guardians, not natural children of parents. Costanich deals with the underlying liberty interest of a 14th Amendment claim, which is the same... For foster parents. For foster parents. That is true. A guardianship. And guardianship, not natural parents. It seems to me that as early as the 1940s, the United States Supreme Court has held that there is an absolute liberty interest, a fundamental liberty interest, that parents have in the care, custody, and control of their children. That's been on the books forever. I have a whole bunch of Supreme Court cases I can read from. That's just going to waste a lot of time. They have that fundamental constitutional right. And it cannot be impaired without due process of law. And where the qualified immunity analysis and the clearly established law plays into this is, do we have case law that tells us that... No, no, no. You've read Hope v. Pelzer. There doesn't have to be case law. There can be other ways of showing that it's clearly established. Case law is not an absolute requirement. It is... Have you read Hope v. Pelzer and all the other cases that talk about that? Yes, Your Honor. Okay. There does not have to be a case on all fours. You're correct. Correct. There does not have to be a case on all fours. What isn't clearly established here? The fact that... What's what Costanza says. What's not been clearly established in the year 2000 when this removal occurred was the idea that the right to be free from deliberately fabricated evidence in civil child abuse proceedings that result in the deprivation of a protected liberty interest. The same liberty interest that's at issue here. But it's not the same liberty interest because this was a parental liberty interest. It's a biological versus foster parent... That's huge. That's gigantic in terms of what somebody could appreciate and understand. How in the world could a person in the position of... You know, we have to take the facts as they're pleaded in the light most favorable, so, you know, we're not trying the case. But how could a person in the shoes of your clients possibly believe that it was appropriate to use perjury and false evidence in order to impair somebody's liberty interest in the continued care, custody, and control of that person's children? How could they possibly not be on notice that you can't do that? I understand the... How could that possibly be? I understand the argument that it seems to be common sense and are ethical... It's more than common sense. It's statutes that prohibit perjury and submission of false evidence in court cases. State statutes. Are you telling me that a person in your client's shoes couldn't understand you can't commit perjury in a court proceeding in order to take somebody's children away? Of course not, Your Honor. Of course not. Then isn't the case over then? And the case is over. Because... Costanich is distinguishable in my view. How in the world... Costanich deals with a secondary, you know, foster care. That's a whole strange thing. It's not a person's real child. Even if Costanich is... And guardian is the same thing. Even if Costanich is distinguishable, there is... We have not been presented with any clearly established right that tells us that what our clients did, which is remove the children pursuant to a court order... No, but what they're accused of doing and what the issue is here is committing perjury in a court to take away someone's children. And you just said that's obviously not okay to do. According to our moral compass and our ethical guidelines, but what we're here to decide is the constitutionality of it, and we look to the courts. You mean due process is somehow consistent with a government official introducing perjured testimony and false... How is that consistent? I mean, I hate to get pumped up about this, but I'm just staggered by the claim that people in the shoes of your clients wouldn't be on notice that you can't use perjury and false evidence to take away somebody's children. That, to me, is mind-boggling. In criminal proceedings, we know this to be true because that... No, no, in criminal proceedings, it's a court proceeding with a liberty interest, a fundamental liberty interest at stake. And on the reverse side, the state also... And you're telling us that these officials who do this all the time couldn't be on notice that you can't commit perjury and put in false evidence. I understand broadly the principle that common sense tells us that lying is wrong and lying to... Yeah, but it's more than common sense. We're not using common sense. We're using the statutes, for example, against this kind of behavior. I don't... I was not presented, I have not been seen any federal law, case law or law that tells me that in this situation that we were faced in, which is what we have to look at... Well, say your clients hired six people to be actors and to go into court and say, we're neighbors and we saw all this terrible stuff. And then your clients presented those witnesses in court. You're telling me that they would have no reason to believe that you can't do that because there was no federal case that says you can't bring actors into court to swear falsely against somebody. But again, here we're appealing to sort of a broader definition of what is a clearly established right. I mean, we have to find the clearly established right in the context that our social workers were presented with, which was they were faced with a court order. You know, again, I can't even believe for a microsecond that a caseworker wouldn't understand you can't lie and put in false evidence. Let me ask the question a different way, counsel. Was there anything you know of that told social workers that they should lie and they should create false evidence in a court proceeding? No. And of course, you know, that is... We contend that that's not what happened here. I understand. We're stuck with the facts and the light must fade. And to be clear, we are only speaking that we accept the pleadings as alleged. We are not saying any of this is true. I want to be very clear about that. But that's what we're dealing with right now. Is there anything... I mean, look, you've got your clients. You're doing your best to represent them here. But from our perspective, you see where we're coming from here. So help us... Okay. We've talked about Costanich. And we've said that case is... There's some language in there which I understand what you're pointing to. I got you. But as Judge Friedland, Judge Trotter both said, it also does have a different interest. So is there any case besides Costanich that you can point to and say, here's Ninth Circuit, this is the answer? Well, what I would contend, Your Honor, is that was plaintiff's burden to do when it came to qualifying. I understand that's your argument. But just for your sake, because you reached to Costanich, which if I were in your shoes, I'd be reaching for it, too, as hard as I possibly can. Is there another case? You got one hand kind of on the ledge here with Costanich. Is there another hand? You can grab another Ninth Circuit case where you've got a firm grasp. You can say, see, I've got it. In terms of another Ninth Circuit case that instructs social workers to lie and cheat... Or at least set the time period. At least set the time period that says, as of this date, you can't do this anymore. Other than Costanich, Your Honor, I do not have any such case in front of me. As a matter of fact, Snell precedes all of this. And we have cited Snell with approval on many occasions. I understood, Your Honor. Snell did precede this. And we've embraced Snell in our published opinions. In the context of criminal proceedings, yes, that is true. Snell wasn't a criminal proceeding. I believe Snell involved a criminal proceeding, an affidavit for a warrant. I believe was the underlying issue. We can look that up if there's any question about that. But you mentioned nothing other than Costanich. Now, they're going to come up and they're going to talk about the Green case, Green v. Camreta. What's your response? And I will acknowledge our case law is not entirely clear on this. So I don't fault you for having to dance around these two cases. But Green, what's your response to Green? Green does not as clearly establish the law as it was in the year 2000. Green was decided in 2009, involving conduct in 2003. But all those cases talked about conduct that was previous to the conduct in this case. They referred to cases that referred to conduct that was earlier than what happened in this case. Correct, but, again, in the context of criminal proceedings. But Green cites them as establishing a principle beyond criminal, right? Right. It does. It does. And, you know, one thing that we read in Costanich, and I understand we're sort of beyond that, but, you know, there is a difference between civil child abuse proceedings and criminal proceedings. But doesn't Green stand for the proposition that that's not true? Even if it did, again, it is post-conduct authority that our clients would not have been aware of. And Your Honors raise a good point when you say the case law is unclear. I mean, our own district court judge made that comment that, you know, as between Green and Costanich, it was very difficult to reconcile. And I would submit that if it's difficult for courts and it's difficult for judges, it certainly would be difficult for our citizens. Can we back up for a second and talk about whether we even get to this issue? Because why do you think that qualified immunity wasn't litigated in the state court? Why aren't we bound by what the state court said about qualified immunity? Well, the state court's analysis in terms of qualified immunity, I don't think, did not comport with the federal court analysis. I mean, that may be, but isn't that not a factor in estoppel analysis? I mean, aren't we bound even if the state court got it wrong? As long as it had jurisdiction, it decided the issue. If it cited the wrong cases or said the wrong thing, we're still bound by it as long as it was decided, aren't we? I would submit that the issues were not identical that was submitted to the state court versus the issue here. Yes, the term qualified immunity was used, but the underlying, in our view, the case law had changed. Wasn't the issue whether lying in court to deprive a familial relationship was clearly established? They didn't say clearly established, but wasn't there a question, wasn't the question in state court whether there was qualified immunity for lying in court to deprive a familial relationship? Correct. There was an issue of qualified immunity. Now, they did not do the two-prong analysis. Right, but that gets to citing the wrong cases. So what's the difference in the issue that was decided? Our argument here is that Kustanich changed the lay of the land, and when there is a change in the law, California courts have called that collateral estoppel cannot bind us. But that's when the change in the law is like, is this the statute that this is about or is that the statute that this is about? The state court was talking about qualified immunity. Now, maybe they made a mistake, or maybe you think they cited the wrong cases, but there was no issue of like, now California law under this statute is totally different. It was still qualified immunity. That is correct, but there was a change in the law in terms of the federal qualified immunity doctrine and how it applied to the facts of this case. I mean, is your only basis for that, Kustanich, which we've earlier said we don't really think changed anything relevant? It's Kustanich, and it's also the fact that Green, which came out after the fact, you know, made these connections in terms of civil and criminal child abuse cases. How is that relevant to what you think the state court did? I mean, your first response is the state court didn't really look at this the way the federal courts do anyway. So if we start there, then does it matter what Green and Kustanich said? It matters because the issue has changed, and if the issues are not identical, we don't have collateral estoppel. But isn't the issue still qualified immunity for lying in court to deprive a familiar relationship? It is. The issue in the state court was the familial relationship of the mother. Here we are dealing with the familial relationship of the children, so that is a different aspect of the issue. There are different rights involved there, and the issue is the difference in the law, the landscape of the law that changed after the fact. All right, thank you, Kanta. We will go ahead, and you've got a lot of questions, so we'll give you two minutes in rebuttal, okay? Thank you, Your Honor. Good morning, Your Honors. May it please the Court, Dennis Ingles on behalf of Presley Hardwick, a plaintiff in Appelli. As this Court hit upon, Kustanich is readily distinguishable. There are a few additional points which I'd like to point out. Mrs. Kustanich wasn't even a guardian in the probate court sense of the term. She was a dependency guardian. She was just tasked with taking care of these children while the natural biological parents dependency case ran its course. Contrary to what the House says. Well, you wonder what kind of a liberty interest there would be in that relationship. Virtually nothing. If you look further into the proceedings that took place in Kustanich, there was an administrative law judge who was then appealed to a CPS judge, if you can imagine such a thing. CPS, Child Protective Services? Right. In that case, in that state, they call it DSHS. I forgot what it meant, but they appealed it to their own board of appeals, and that person said, well, what does it matter if they lied because we couldn't do anything about it anyway? So the nature of the rights at stake are just worlds apart as this court hit upon. Contrary to what counsel said, Green didn't establish anything. I think the court realized this. Green said, there are these older cases that established this a long time ago. Lying is bad. Obviously bad. It's unconstitutionally bad. Pay your money. Do not pass and go. This case took place 16 years ago. They lied. A jury awarded nearly $5 million. They kept fighting the proposition that lying is bad. It turned into nearly $10 million, and they're still here fighting the proposition that lying is bad. I would simply ask their appeal be denied, and I would ask the court that you issue a published opinion so that some stubborn count in the future doesn't come back and say, well, Kostanich, this, that, and the other. How does collateral estoppel work here? It seems to me that the state failed to address one of the primary questions specified by the Supreme Court that's dispositive, and that's whether the law was clearly established. I can't find anything in the state proceedings anywhere that suggests that anybody confronted that issue and decided it. And if that's true, what does that do to collateral estoppel? Collateral estoppel still applies, Your Honor. They did not specifically use the words clearly established, and although the words clearly established were part of the case law dating back to Harlow, prior to Saucer v. Katz in 2001, there wasn't this necessary two-step where you had to have a subject heading in every opinion that you wrote as a judge. And there's the merger concept, which I outlined in my briefs, which Butler v. L, Liston, Franks have all talked about, where the clearly established component of qualified immunity doctrine is consumed by, swallowed by, merged with the deliberate falsehood question. Is collateral estoppel something that, let's say you're right about what the state court decided, does that mean we have absolutely no latitude at all as to whether to accept that? In other words, we take a look at it and say, boy, that's what the answer was, but they blew it. They didn't know what they were doing. Are we still stuck with it in the federal courts? I do think in this case we are bound by collateral estoppel, but even if you went past that and hypothetically said no, this case is, it's astounding to me this case is still being fought because it's so simple. You don't need collateral estoppel. You don't need it. The lies are on paper in a transcript, the deliberate falsehood, and the but-for causation set forth in Franks. Are you still pursuing Vrekin? Yes, absolutely. What was her status coming out of the state case? Vrekin, there was a sizable damage award ordered against Vrekin. Against Vrekin? I believe you might remember. Who was the one who was exonerated? Wilkins. Okay, Wilkins. Excuse me, I misspoke. Yes, our claims against Wilkins are still alive. Now, the jury will do what it will, as it did in Deanna Hardwick's case, but those claims are still alive right now in this case. Are you alleging violations of the Fourth Amendment and the Fourteenth Amendment? We are, Your Honor. My client as a minor was actually seized, so there's your Fourth Amendment right there. Do we need to distinguish between them? Is there any difference in whether we think about this as Fourth Amendment or Fourteenth Amendment? No, there's no difference in the standards whatsoever. Unless you have anything else, I think we're good with questions for you. One other little point is that California Government Code 820.21 has been on the books since 1995. It's 820.2 tells government actors in the state of California you get immunities for using your discretionary acts. 820.21 came out and said, unless you lie, cheat, and steal, so don't do that. With that, I would rest. Thank you, counsel. All right, you've got your rebuttal time. With regard to Mr. Ingle's last comment on 820.21, that is a state law. It does not bind the federal court in terms of what is constitutional and what is not. Doesn't that weigh on the question of whether something is clearly established that an official could understand what the official could and couldn't do? It could. I mean, in Hope v. Pelzer, to go back to that case again, they use all kinds of things in that case to say that it's clearly established, not just cases that have been decided by anybody. Yes, Your Honor, that is true. A court is entitled to utilize several factors. So why isn't that what he said significant? Individuals are not bound by our own individual sensibilities in terms of what is right and wrong. We are bound by what the courts tell us are clearly established law, whereas the courts can rely on other factors to tell us what clearly established law is. Are you telling us that your clients don't have to pay any attention to the California government code? Absolutely not. They absolutely do. But here we are in federal court on a federal civil rights action deciding what is constitutional and what is not. And what case prior to Hope v. Pelzer said that you can't tie someone to hitching post? I am drawing a blank, Your Honor. I'm sorry. I think the point of Hope was that there wasn't a case exactly on point, right? Exactly. So we don't have an exact case here saying that people can't lie to take kids away from their parents, but Hope says we don't need one. We don't need an exact case, but we don't define our constitutional rights broadly. We need clearly established law that tells us how to act in the context that we are acting. So why isn't the government code significant and relevant? In my view, it is not. State law does not dictate what is constitutional and what is not. It doesn't dictate, but it adds considerable evidence to the question of whether your clients would have been unnoticed. You can't do this. It could. I mean, it's not just what somebody told them in a conference. It's state law under the government code. That is true, but that's not what happened here. We haven't been presented with any law telling us, applying this particular state code to the circumstances that we have here. I see my buttons blinking. Thank you very much, counsel. This matter is submitted. Thank you both for your argument today, and we are in recess. Have a good weekend.
judges: Trott, Owens, Friedland